*Decision will be entered under Rule 50.*

DETROIT TRUST COMPANY, JEANIE M. LOW AND FRANK C. PAINE, EXECUTORS OF THE WILL OF ALFRED M. LOW, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 70415. Promulgated May 19, 1936.

*Raymond H. Berry, Esq.,* and *Arthur L. Evely, Esq.,* for the petitioners.

*Harold D. Thomas, Esq.,* for the respondent.

588

589

OPINION.

STERNHAGEN : In determining the deficiency, the Commissioner included in the decedent's gross income for the period of 1930 ending with the date of death, $46,437.74, called "profit on the installment basis", citing section 44 (d), Revenue Act of 1928.[1]  For a consideration of this statutory provision, see *Nuckolls* v. *United States*, 76 Fed. (2d) 357; *Moore* v. *United States*, 10 Fed. Supp. 143; *Crane* v. *Helvering*, 76 Fed. (2d) 99.  The petitioners assail this determination, contending that section 44 (d) is not applicable since the decedent did not own installment obligations at the time of his death and no such obligations were therefore transmitted or otherwise disposed of by him.  Petitioners say that the installment obligations which respondent attributes to decedent were in fact and in law owned by the five trusts, and that decedent's property was only his interest as a *cestui que trust*, which interest was legally distinct from the property owned by the trusts, whether it be land, land contracts or installment obligations.  The respondent would identify the trust with the beneficiary, thus treat the ownership of the installment obligations as directly in the decedent beneficiary, and upon this conception apply the logical theory that the installment obligations were transmitted and disposed of by the decedent's death.  This view is wholly theoretical, for the evidence shows without doubt that at decedent's death no installment obligations were transmitted to his executors directly or received by them from the trustee.

The respondent's determination is, we think, clearly unfounded. By the five instruments in evidence, express and active trusts were established in which was held the legal title to the lands and the obligations resulting from their sale, and to which were charged the duties of administration in accordance with fiduciary standards. In each instance, including those in which decedent was trustee be-

---

[1] SEC. 44. INSTALLMENT BASIS.

\*       \*       \*       \*       \*       \*       \*

(d) *Gain or loss upon disposition of installment obligations.*—If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and (1) in the case of satisfaction at other than face value or a sale or exchange—the amount realized, or (2) in case of a distribution, transmission, or disposition otherwise than by sale or exchange—the fair market value of the obligation at the time of such distribution, transmission, or disposition.  The basis of the obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the obligation satisfied in full.

fore his death, there were beneficiaries other than himself to whom as trustee he owed substantial obligations sufficient to preclude control of the properties by himself. He was but one of several persons whose relation to the properties was limited to that of trust beneficiary. Without the consent of the other beneficiaries, he, as an individual, could take none of the installment obligations or direct their sale or other use or disposition, except by agreeing with the others to terminate the trust. There was more than a mere agency. The instruments themselves expressly characterized the organizations as trusts, the Wayne County Circuit Court recognized them as such, in practice they were administered as such, and we can find no justification for treating them otherwise or ignoring them entirely with the result of taxing to the decedent amounts which were not in fact income or profits to him.

These installment obligations were, as shown by this record, continuously owned by the trusts from the time that the land contracts were made, and their ownership was not affected by the death of this beneficiary. When the installments were received, they were income of the trusts and taxable when thus received in accordance with the proper provision of supplement E of the statute. To the extent that they were within the taxable income of the decedent and his successors, it was because they were distributable to them as trust beneficiaries and not as owners of the obligations or direct recipients of the installments. The trust was a "fiduciary to insulate the owners from direct taxation." *Wild* v. *Commissioner*, 62 Fed. (2d) 777; *Lucian S. Moore, Jr., Trustee*, 21 B. T. A. 1362; *William S. Gordon, Trustee*, 33 B. T. A. 460; *Harold G. Ferguson*, 34 B. T. A. 522.

*Judgment will be entered under Rule 50.*